# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | | | |
|---|---|---|---|
| United States of America | ) | | |
| | ) | Criminal Action Nos.: | 7:11-cr-00161-JMC-1 |
| | ) | | 7:11-cr-00755-JMC-1 |
| v. | ) | | 7:11-cr-02070-JMC-1 |
| | ) | | 7:11-cr-02182-JMC-1 |
| | ) | | 7:12-cr-00242-JMC-1 |
| Neil P. Shuttleworth | ) | Civil Action Nos.: | 7:13-cv-03341-JMC |
| | ) | | 7:13-cv-03348-JMC |
| | ) | | 7:13-cv-03349-JMC |
| | ) | | 7:13-cv-03350-JMC |
| | ) | | 7:13-cv-03351-JMC |

## ORDER AND OPINION

This matter is before the court on Petitioner Neil P. Shuttleworth's ("Petitioner") motion seeking relief pursuant to 28 U.S.C. § 2255 due to alleged ineffective assistance of counsel. (ECF No. 66.)[1] Respondent United States of America ("Respondent") opposes Petitioner's motion arguing that Petitioner failed to satisfy his burden to prove that his counsel's alleged deficiencies were prejudicial to the outcome of the proceeding. (ECF No. 74.) Moreover, Respondent argues that Petitioner's counsel provided effective assistance because Petitioner received a sentence below the applicable guidelines range and moves for summary judgment in its favor (ECF No. 75). For the reasons set forth below, the court **DENIES** Petitioner's motion and **GRANTS** Respondent's motion.

## FACTUAL AND PROCEDURAL HISTORY

Petitioner was indicted in five separate actions on six counts of unarmed bank robbery, in violation of 18 U.S.C. § 2113(a). Petitioner's string of bank robberies began in August of

---

[1] Unless otherwise noted, ECF Nos. refer to Criminal Action No. 7:11-cr-00161-JMC-1.

2010 when he and his wife robbed a Bank of America in Apopka, Florida, stealing $5,139.00.[2] Next, Petitioner and his wife robbed a Northwest Savings Bank in Painseville, Ohio, and stole $5,450.00.[3] In October of 2010, Petitioner and his wife robbed the New Bridge Bank in Wilmington, North Carolina, stealing $6,815.00. And, in December of 2010, the two robbed a Wachovia Bank in Raleigh, North Carolina, stealing $362.00.[4] On January 7, 2011, Petitioner and his wife attempted to rob the Compass Bank in Florence, Alabama. Petitioner's wife was caught during this attempt, but Petitioner escaped. The two attempted to take $4,276.00.[5] Finally, on January 21, 2011, on his own, Petitioner robbed the First Citizens Bank in Spartanburg, South Carolina, escaping with $6,575.00. However, law enforcement located Petitioner's vehicle and, after a high speed chase, arrested Petitioner and retrieved the stolen money.[6]

In addition to these bank robberies, Petitioner had nine prior convictions for multiple other offenses and was on probation in Florida at the time of the bank robberies. Further, the Presentence Investigation Report stated that in two of the bank robberies, in South Carolina and in Ohio, Petitioner made a threat of death to the teller, increasing his offense level by two for each of those incidents.

Petitioner pleaded guilty to the bank robbery charges on March 16, 2011,[7] August 17, 2011,[8] August 23, 2011,[9] November 28, 2011,[10] and May 15, 2012,[11] without plea agreements.

---

[2] Criminal Action No. 7:11-cr-02070-JMC-1.
[3] Criminal Action No. 7:12-cr-00242-JMC-1.
[4] The North Carolina Robberies are counts one and two of Criminal Action No. 7:11-cr-02182-JMC-1.
[5] Criminal Action No. 7:11-cr-00755-JMC-1.
[6] Criminal Action No. 7:11-cr-00161-JMC-1.
[7] *See* Criminal Action No. 7:11-cr-00161-JMC-1, ECF No. 24.
[8] *See* Criminal Action No. 7:11-cr-00755-JMC-1, ECF No. 11.

Based on his offense level, Petitioner was facing between 140 and 175 months imprisonment and at least two, but not more than three, years of supervised release, in addition to paying restitution. However, because Petitioner pleaded guilty and provided useful information regarding the robberies, the Government moved for a downward departure. On October 12, 2012, the court entered Judgment as to all six charges, sentencing Petitioner to 120 months imprisonment followed by three years of supervised release.

Petitioner timely appealed his sentence, asserting that: (1) the district court erred in imposing a sentencing enhancement based on Petitioner's alleged threat of death to a bank teller and (2) the Government used information Petitioner shared under his cooperation agreement to enhance his sentence, in violation of *U.S. Sentencing Guidelines Manual* § 1B1.8(a) (2011). Petitioner's pro se direct appeal also raised related issues of ineffective assistance of counsel for each of his claims. The Court of Appeals for the Fourth Circuit affirmed Petitioner's sentence on July 25, 2013, rejecting both the substantive claims and assertions of ineffective assistance of counsel. Thereafter, on December 2, 2013, Petitioner filed the present Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct his Sentence, based on virtually identical arguments to those he raised on appeal. Respondent filed a response and moved for summary judgment in its favor on January 16, 2014, and Petitioner responded to that motion on February 14, 2014. This matter is now ripe for review.

## STANDARD OF REVIEW

A prisoner in federal custody under sentence of a federal court may petition the court that imposed the sentence to vacate, set aside, or correct the sentence. *See* 28 U.S.C. § 2255. The

---

[9] *See* Criminal Action No. 7:11-cr-02070-JMC-1, ECF No. 11.
[10] *See* Criminal Action No. 7:11-cr-02182-JMC-1, ECF No. 11.
[11] *See* Criminal Action No. 7:12-cr-00242-JMC-1, ECF No. 11.

prisoner may be entitled to relief upon a showing: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. *Id*. A petitioner collaterally attacking his sentence or conviction pursuant to § 2255 bears the burden of proving his grounds for collateral attack by a preponderance of the evidence. *White v. United States*, 352 F. Supp. 2d 684, 686 (E.D. Va. 2004) (citing *Miller v. United States*, 261 F.2d 546 (4th Cir. 1958)). In ruling on a § 2255 motion, the court may dismiss the motion without a hearing where it conclusively shows from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief. 28 U.S.C. § 2255(b) (noting that a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).

A motion made pursuant to 28 U.S.C. § 2255 requires a showing of either constitutional or jurisdictional error, or a "fundamental defect" resulting in a "complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974); *Hill v. United States*, 368 U.S. 424, 428 (1962). An ineffective assistance of counsel claim is properly raised in a 28 U.S.C. § 2255 action. *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir, 1999); *United States v. Gastiaburo*, 16 F.3d 582, 590 (4th Cir. 1994). Moreover, the Fourth Circuit has recognized that a defendant, once convicted, will be inclined to second-guess his attorney's strategy. *United States v. Lurz*, 666 F.2d 69 (4th Cir. 1981). As the court has opined, "it would be grossly unfair to the trial counsel to fault his representation without having in the record some statement from him. Courts must be equally vigilant to protect counsel from the unfair imputation of professional neglect as to assure to the defendant effective representation." *United States v.*

*Mandello*, 426 F.2d 1021, 1023 (4th Cir. 1970).

To be eligible for habeas corpus relief on an ineffective assistance of counsel claim, the defendant bears the burden of satisfying the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, the defendant must show that counsel's performance was deficient. *Id*. at 687.  Second, defendant's counsel's performance was so deficient that it fell below an objective standard of reasonableness. *Id.* at 687-88.  Furthermore, a convicted defendant making a claim of ineffective assistance must identify acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Id.* at 690.  Then, in light of all circumstances and keeping in mind that counsel's function is to make the adversarial testing process work in the particular case, the court must determine whether the identified acts or omissions were outside the wide range of professional competent assistance.  *Id*.  Moreover, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  *Id*.  Additionally, the court reviews "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  *Id*.

An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.  *United States v. Morrison*, 449 U.S. 361, 364-65 (1981).  The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding.  *Strickland,* 466 U.S. at 691-92.  Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution.  *Strickland,* 466 U.S. at 692.  It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding because

almost every act or omission of counsel would meet that test. *United States v. Valenzuela–Bernal*, 458 U.S. 858, 866-67 (1982). However, the Court has noted that not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding. *Strickland,* 466 U.S. at 693.

## DISCUSSION

Petitioner raises three claims of ineffective assistance of counsel. In Ground One, Petitioner asserts that counsel was ineffective for not objecting to the two level enhancement for threatening the bank teller. And in Grounds Two and Three, Petitioner argues that counsel was ineffective for allegedly informing Petitioner that he would not receive enhancements for the other five bank robberies if he pled guilty to all six counts and agreed to transfer jurisdiction. In support of his motion, Petitioner attaches a witness interview form containing a teller's account of the robbery at the Spartanburg bank and a hand-written letter from Petitioner to his counsel questioning the offense level increases for threatening the teller and for the other robberies. Petitioner contends that counsel's errors prejudiced him by adding fifty seven extra months to his sentence.

The court has thoroughly reviewed the record and finds that Petitioner has not made the requisite showing. When a defendant challenges a guilty plea on grounds of ineffective assistance of counsel, he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Petitioner has not alleged in either his habeas petition or his response to Respondent's motion for summary judgement that, had counsel acted differently, he would not have pled guilty and insisted on going to trial. Moreover, Petitioner stated on the record at his sentencing hearing that he understood the guidelines, had reviewed the presentence

6

report, and had no objections to the report.  He further stated at each of his five plea hearings that he was satisfied with his attorney's performance.  These statements are binding on Petitioner absent strong contrary evidence.  *See Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992).

In addition, the court reiterates that Petitioner's claims in this habeas action are identical to those raised in his direct appeal.  While habeas is an appropriate arena in which to raise ineffective assistance of counsel claims, petitioners are generally precluded from basing a collateral attack on issues raised and addressed on direct appeal.  *See Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976).  In this case, the Fourth Circuit specifically found that both of Petitioner's claims of ineffective assistance of counsel failed.  *United States v. Shuttleworth*, 535 F. App'x 282, 284 (4th Cir. 2013) ("We conclude the enhancement was appropriately applied.  To the extent Shuttleworth argues counsel was ineffective in this regard, ineffectiveness does not conclusively appear on the record. . . . We summarily dismiss this claim, and the attendant ineffective assistance of counsel claim, because Shuttleworth had neither a plea agreement nor a cooperation agreement in these cases.") (citation omitted).  The Fourth Circuit's findings on this matter are entitled to respect and deference.[12]

For the reasons stated above, the court does not find that Petitioner's counsel provided ineffective assistance of counsel.  Accordingly, Petitioner's motion seeking relief pursuant to 28

---

[12] In his response to Respondent's motion for summary judgment, Petitioner argues that had the court granted his motion to be transferred to a facility with a law library (ECF No. 36), he would have understood the difference between a direct appeal and a habeas petition and may have better presented his case. (ECF No. 52 p. 3.)  However, even without the Fourth Circuit's findings, Petitioner's motion fails on the merits.  In addition, to the extent this could be construed as an additional grievance regarding access to a law library, that grievance is not properly before the court under § 2255.

U.S.C. § 2255 due to ineffective assistance of counsel is **DENIED** with prejudice and Respondent's motion for summary judgment is **GRANTED**.

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

April 16, 2015
Columbia, South Carolina